-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PEARL BANKS,

                    Plaintiff,

          -v-                                    06-CV-6311L(P)

ROCHESTER GAS & ELECTRIC,                        MEMORANDUM and ORDER

                    Defendant.

---

## INTRODUCTION

Plaintiff Pearl Banks has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff claims that the defendant, Rochester Gas & Electric, has violated her constitutional rights. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Rochester Gas & Electric committed fraud and violated her civil rights when it added disputed charges from another of plaintiff's service accounts to her current residence service account and put her on a budget plan after she called the "Commissioner". The accrued charges have forced her to ask for assistance for HEAP[1],

---

[1]Plaintiff does not name the program HEAP represents, but the Court assumes it is the Home Energy Assistance Program, a federally funded grant program for low income residents.

which plaintiff feels is unfair to her as a consumer.  Plaintiff is seeking monetary damages.

The Court notes that plaintiff was added as a party plaintiff in the amended complaint in 06-CV-6159T, which claimed that RG&E was price gouging and attempting to force consumers onto HEAP in order to recoup more arrears.  However, because none of the facts alleged in that complaint related to plaintiff, and plaintiff did not sign the complaint, plaintiff's claims in this case are unaffected by the resolution of 06-CV-6159T.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*.  Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor.  *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).

Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*."  *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).  Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted.

2

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993).

The complaint is fails to state a cause of action under 42 U.S.C. § 1983, or to otherwise state a claim cognizable by this Court.  The Rochester Gas & Electric Company is a private enterprise and not a governmental entity of the state or a municipality; as such, the defendant is not a "person" acting under color of state law for purposes of 42 U.S.C. § 1983 and may not be subjected to constitutional restraints which are addressed by that statute.  *See Lugar v. Edmondson Oil Company, Inc.*, 457 U.S. 922 (1981) (Fourteenth Amendment offers no shield against private conduct, however discriminatory or wrongful); *see also Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir. 1987).

Although it may be possible that a private company could be found to be acting under color of state law, *see, e.g., Bronson v. Consolidated Edison Co. of New York, Inc.*, 350 F.Supp. 443 (D.C.N.Y. 1972), plaintiff does not provide any basis for determining that the defendant was a "joint actor" with the state, such that the defendant is acting under color of state law.  See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (private party's "joint participation" with state officials in prejudgment seizure of property sufficient to characterize private party as state actor).  For that reason, Rochester Gas & Electric is not subject to the mandates of the civil rights statute and that claim against it must be

3

dismissed. Plaintiff has not identified any other basis for Federal Court jurisdiction and the Court cannot find one suggested by these facts.

Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend."). The Court notes that although there is no Federal cause of action, plaintiff may wish to explore whether she has any New York State administrative or judicial avenues of relief.[2]

## CONCLUSION and ORDER

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

DATED:      Buffalo, New York
            *October 5* , 2006

                                        _____
                                        JOHN T. ELFVIN
                                        UNITED STATES DISTRICT JUDGE

---

[2]If plaintiff chooses to discuss her claims with an attorney, she may be able to locate counsel either through the Monroe County Bar Association or through one of the local legal services agencies.

4